**Alex Larry JACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 513–93, 514–93.**

Court of Criminal Appeals of Texas, En Banc.

March 9, 1994.

---

Harry J. Fleming and Charles W. Peckham, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark, and Julian Ramirez, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant pled guilty to two instances of aggravated sexual assault and the trial court, after finding him guilty of both, assessed punishment at confinement for sixty years in each cause. The convictions were affirmed in a single unpublished opinion. *Jack v. State*, (Tex.App.—Houston [14th], Nos. A14–92–00685–CR and C14–92–00687–CR, 1993 WL 93500, delivered April 1, 1993). We granted appellant's petitions for discretionary review to determine whether the Court of Appeals erred in holding that appellant's pleas of guilty without an agreed recommendation as to punishment waived his right to appellate review of nonjurisdictional issues arising subsequent to the entry of the guilty pleas.

Appellant entered guilty pleas on March 30, 1992, pursuant to an agreement by which he would plead guilty, a pre-sentence investigation (PSI) would be conducted, the trial court would assess punishment without an agreed recommendation, and other accusations against appellant would be dismissed. Accordingly, the trial court deferred finding appellant guilty pending preparation of the PSI. Appellant filed applications for probation in both causes.

The trial court reconvened the cause on May 27, 1992, at which time the pre-sentence report was admitted into evidence. Immediately thereafter the State called two witnesses to testify of unadjudicated extraneous offenses allegedly committed 17 years before. Objections to this testimony were overruled. In imposing sentence the trial judge stated that part of the testimony he considered was that of the two extraneous offense witnesses. Appellant immediately gave notice of appeal. On appeal he complained of admission of the testimony concerning the unadjudicated extraneous offenses.

The Court of Appeals held that where a plea of guilty is voluntarily and understandingly entered without the benefit of a plea bargain, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. Finding that the errors alleged by appellant were waived by his nonnegotiated guilty pleas, the Court of Appeals affirmed the convictions without reaching the merits of appellant's contentions. Thus the court of appeals disposed of the appeal under the so-called *Helms* rule. *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972).

Appellant does not dispute the general rule that nonjurisdictional defects are waived by pleas of either guilty or nolo contendere. He argues that the rule does not apply to nonjurisdictional complaints arising after the entry of the plea. The State replies that while there may be conflicting authority from some of the courts of appeals, this Court has squarely addressed the issue and decided it adversely to appellant's contention in *King v. State*, 687 S.W.2d 762, 766 (Tex.Cr.App.1985). But *King* does not hold that a nonnegotiated plea bargain waives all nonjurisdictional defects, whether occurring prior to the entry of the plea or after. In *King* itself the matter appealed was a pre-trial motion to quash the indictment. In articulating the holding of *Helms*, the *King* Court failed to limit its application to waiver of nonjurisdictional errors occurring prior to entry of the plea. *Id.*, at 764. That does not mean the Court "squarely addressed" the question whether nonjurisdictional error occurring after entry

of the plea is waived. There was no call to address that question in *King*, and, other than Judge Clinton's concurring opinion, pointing out that the rule, imported from federal habeas corpus jurisprudence, does *not* bar appeal of asserted errors at or after the entry of the plea, we did not.

The federal rule, from which the *Helms* rule derived, is that a guilty plea waives all nonjurisdictional defects "that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, at 267, 93 S.Ct. 1602, at 1608, 36 L.Ed.2d 235, at 243 (1973). As Judge Clinton observed in his concurring opinion in *King:*

> "The reason this federal waiver rule is applicable only to 'prior proceedings' advancing a guilty plea is simply that an accused cannot waive a defect in proceedings that have not yet occurred. That is to say, one may not intentionally relinquish or abandon a violation of due process that is still unknown because it has not happened."

*Id.*, at 767. It would be odd, indeed, to hold that by pleading guilty on March 30th, appellant waived error that was not to occur until almost two months later, on May 27th.

Although the Court has frequently failed fully to articulate the rule, as in *King*, we have only actually *applied* it to hold that a nonnegotiated guilty plea waives nonjurisdictional defects occurring prior to the entry of the guilty plea. See *Fierro v. State*, 437 S.W.2d 833 (Tex.Cr.App.1969); *Soto v. State*, 456 S.W.2d 389 (Tex.Cr.App.1970); *Gonzales v. State*, 458 S.W.2d 926 (Tex.Cr.App.1970); *Andrade v. State*, 470 S.W.2d 194 (Tex.Cr.App.1971); *Salinas v. State*, 478 S.W.2d 538 (Tex.Cr.App.1972); *Utsman v. State*, 485 S.W.2d 573 (Tex.Cr.App.1972); *Runo v. State*, 556 S.W.2d 808 (Tex.Cr.App.1977); *Prochaska v. State*, 587 S.W.2d 726 (Tex.Cr.App.1979); *Morgan v. State*, 608 S.W.2d 639 (Tex.Cr.App.1980); *Kass v. State*, 642 S.W.2d 463 (Tex.Cr.App.1981) (Opinion on State's motion for rehearing); *Wheeler v. State*, 628 S.W.2d 800 (Tex.Cr.App.1982); *Dees v. State*, 676 S.W.2d 403 (Tex.Cr.App.1984). Indeed, in many cases we have decided the *merits* of claims of asserted error occurring *at* or *after* entry of a nonnegotiated guilty plea even

though in many of those same cases we held that asserted error occurring *prior* to the entry of the plea was waived under *Helms*. See *Fierro v. State*, supra (error in overruling motion to suppress waived, but contention that evidence insufficient to support judgment under Article 1.15, V.A.C.C.P., rejected on the merits); *Soto v. State*, supra (same); *Andrade v. State*, supra (error in overruling motion to suppress waived, but contention that trial court should have allowed continuance to allow defendant to obtain retained counsel overruled on the merits); *Salinas v. State*, supra (error in overruling motion to suppress waived, but *pro se* contention that evidence insufficient to support judgment overruled on the merits); *Utsman v. State*, supra (error in overruling motion for change of venue waived, but contention that trial court erred in denying extension of time to file statement of facts overruled on the merits); *Helms v. State*, supra (error in overruling motion to suppress waived, but contentions that evidence insufficient, and that record did not plainly show defendant sane, overruled on the merits); *Decker v. State*, 570 S.W.2d 948 (Tex.Cr.App. 1978) (Court rejects merits of claim that trial court's admonishment in guilty plea that did not fall within the proviso of former Article 44.02, V.A.C.C.P., was not in compliance with Article 26.13, V.A.C.C.P.); *Prochaska v. State*, supra (same as *Fierro* and *Soto*); *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr. App.1980) (evidence held insufficient under Article 1.15 following nonnegotiated guilty plea); *Wheeler v. State*, supra (error in overruling motion to suppress waived, but claims of insufficient evidence under Article 1.15, supra, and improper admonishment under Article 26.13, supra, overruled on the merits); *Bender v. State*, 758 S.W.2d 278 (Tex.Cr.App. 1988) (overruling that aspect of *Thornton* holding that insufficient evidence to support nonnegotiated guilty plea requires acquittal, but upholding court of appeals' holding that failure of proof under Article 1.15, supra, is error, and remanding for new trial). In some cases we have reached the merits of asserted error in the *punishment* proceedings following nonnegotiated pleas of guilty— the very kind of contention that appellant raises here. See *Durham v. State*, 466

S.W.2d 758 (Tex.Cr.App.1971) (in nonnegotiated guilty plea before the jury, asserted error in failing to make punishment phase witnesses disclose source of their reputation testimony rejected on the merits); *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr.App.1977) (asserted error in failure of trial court to hold hearing on motion to suppress waived; but contention that evidence was insufficient under Article 1.15, supra, denied on the merits, as is contention that trial court erred in hearing certain evidence pursuant to application for, and then in failing to grant, probation); *Roberts v. State,* 587 S.W.2d 724 (Tex. Cr.App.1979) (State concedes error in failure of trial court to credit defendant with back jail time credit even though defendant pled guilty *sans* plea bargain); *Cleveland v. State,* 588 S.W.2d 942 (Tex.Cr.App.1979) (error in overruling motion to suppress waived, but contention that trial court erroneously considered extraneous offense in assessing punishment overruled on the merits); *Gordon v. State,* 633 S.W.2d 872 (Tex.Cr.App.1982) (asserted error in jury instruction at punishment stage of consolidated trial upon one plea of not guilty and one nonnegotiated guilty plea is treated on the merits as to both causes). In short, this Court has routinely treated the merits of claims of error alleged to have occurred at or after the entry of a nonnegotiated guilty plea, notwithstanding the so-called *Helms* rule. Nothing in our opinion in *King* indicates to the contrary.

In a supplemental brief the State invokes our recent decisions in *Davis v. State,* 870 S.W.2d 43 (Tex.Cr.App., 1994) and *Lyon v. State,* 872 S.W.2d 732 (Tex.Cr.App.1994). Each of those decisions involved, *inter alia,* appeal of asserted errors occurring at or after the entry of a *negotiated* guilty plea. That situation is governed by Tex.R.App. Pro., Rule 40(b)(1). We held in *Davis* and *Lyon* that courts of appeals lack jurisdiction to entertain appellate claims of alleged error occurring at or after the entry of a negotiated guilty plea unless the notice of appeal reflects, as required by Rule 40(b)(1), that the trial court gave permission to appeal that alleged error. There is no such jurisdictional bar to appealing matters following a nonnegotiated guilty plea. Under Article 44.02,

V.A.C.C.P., the defendant who pleads guilty without benefit of a plea bargain has a right to appeal any claim of error below. There is no valid restrictive statute to limit the court of appeals' jurisdiction. It is true that by virtue of his nonnegotiated plea a defendant may waive nonjurisdictional defects occurring prior to the entry of the plea. This only means the defendant will not ultimately prevail in his appeal of such matters, not that an appellate court lacks jurisdiction to entertain it. In any event, we have never extended the *Helms* rule to cover asserted error occurring at or after entry of a nonnegotiated plea. Nothing in Rule 40(b)(1), or in *Davis* and *Lyon,* all supra, changes that.

We hold that the court of appeals erred in failing to reach the merits of appellant's contentions on direct appeal. In view of this holding, we need not address appellant's other grounds for review, by which he presents the merits of those contentions for our consideration for the first time on discretionary review. Instead, we vacate the judgment of the court of appeals and remand the cause to that court for further appellate review and for disposition not inconsistent with this opinion.

McCORMICK, P.J., not participating.