**Shermain YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–95–212 CR.

Court of Appeals of Texas,
Beaumont.

Submitted April 22, 1996.

Decided Oct. 2, 1996.

James R. Walker, Houston, for appellant.

Michael R. Little, District Attorney, Anne Streit, Assistant Attorney, Liberty, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

### OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Possession of a Controlled Substance. The record before us reflects that the trial court conducted a pretrial suppression hearing pursuant to appellant's

written "Motion To Suppress Evidence Obtained From Illegal Arrest/Detention." The trial court denied appellant's suppression motion. Thereafter, appellant pleaded guilty to the charged offense without benefit of a negotiated punishment recommendation. The trial court properly admonished appellant in compliance with Tex.Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Vernon Supp. 1996). Appellant executed a written waiver of trial by jury as well as a written stipulation of evidence and judicial confession. The trial court found appellant guilty and, following a brief sentencing hearing, assessed appellant's punishment at confinement in Texas Department of Criminal Justice—Institutional Division for a term of ten (10) years.

◼ Appellant raises three points of error[1] for our consideration, *viz:*

Point of Error One: Insufficient evidence existed to support appellant's guilty plea because the evidence used to induce her to plead guilty was obtained illegally and the trial court should have granted appellant's motion to suppress evidence.

Point of Error Two: The trial court should have granted appellant's motion to suppress evidence.

Point of Error Three: To hold that a plea of guilty without a plea bargain agreement waives all non-jurisdictional error raised to prior motions ruled on before the trial violates Tex. Const. art. I, sec. 13 (the "open court" provision" and "due course of law" provision. (sic et passim)

◼ Appellant's first two points of error clearly focus on the fact that the trial court overruled appellant's pretrial motion to suppress. Appellant fully recognizes the applicability of the *"Helms* rule."[2] The *Helms* rule was discussed and reaffirmed most recently by the Court of Criminal Appeals in *Jack v. State,* 871 S.W.2d 741 (Tex.Crim.App. 1994). The *Helms* rule simply states that where a guilty plea is voluntarily and understandingly entered without benefit of a plea

bargain, all nonjurisdictional defects occurring prior to the entry of the plea are waived. *Id.* at 742–743. In the instant case, appellant is precluded from appealing the trial court's denial of her motion to suppress. Furthermore, appellant's sworn written stipulation of evidence in support of her guilty plea satisfies the requirements of Tex.Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.1996). As such, sufficient evidence was introduced to support the adjudication of guilt by the trial court. *See Stone v. State,* 919 S.W.2d 424 (Tex.Crim.App.1996); *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App.1980)(opinion on rehearing). Points of error one and two are overruled.

◼ Appellant's third point of error is essentially a public policy argument contending that the Helms rule violates the "open courts" provision of the Texas Constitution, and concludes with the following rather brazen request of this Court:

For the foregoing reasons Appellant urges this Court to overrule *Helms v. State, supra* and consider the merits of Appellant's motion to suppress as argued in Ground of Error No. One in this brief.

As we are not authorized to overrule the Court of Criminal Appeals on precedential matters, we must decline appellant's entreaty. Appellant complains in her brief that the *Helms* rule placed her on the horns of a dilemma in that her "arguably meritorious motion to suppress" deserved to be considered on appeal by this Court but could not because she was unable to work out an acceptable plea bargain agreement with the State which would have secured her right to appeal any properly preserved pretrial rulings. *See* Tex.Code Crim. Proc. Ann. art. 26.13(a)(3). One answer may be found in the somewhat unique case recently decided by this Court, *Nixon v. State,* 928 S.W.2d 212 (Tex.App.—Beaumont 1996, no pet.). In *Nixon,* the appellant waived his right to a jury trial, the right to confront witnesses, and the

---

1. We note that appellant labels each of his complaints as a "ground of error." We shall refer to each as a "point of error." *See* Tex.R.App. P. 74(d); *Hicks v. State,* 860 S.W.2d 419, 422, n. 1 (Tex.Crim.App.1993), *cert. denied,* 512 U.S. 1227, 114 S.Ct. 2725, 129 L.Ed.2d 848 (1994).

2. *See Helms v. State,* 484 S.W.2d 925 (Tex.Crim. App.1972).

right to remain silent. Appellant, however, pleaded not guilty. Thereafter, the State introduced a stipulation of evidence without objection from appellant's trial counsel. The trial court found the defendant guilty. Although we ultimately held the stipulation of evidence was insufficient to support the conviction, by appellant's plea of "not guilty," the *Helms* rule was not implicated. The *Helms* rule, therefore, does not violate the "open courts" provision of TEX. CONST. art. I, § 13 as alleged by appellant. Point of error three is overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.