state v. david croom 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00007-CR







David Dare Croom, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 45,667, HONORABLE OLIVER KELLEY, JUDGE PRESIDING







 Appellant, David Dare Croom, appeals his conviction of aggravated assault with a deadly
weapon. See Tex. Penal Code Ann. § 22.02 (West 1994). The trial court assessed punishment at seven
years' imprisonment. We will affirm the judgment.



BACKGROUND


 Appellant was charged with aggravated assault with a deadly weapon and intoxication
assault for the serious bodily injury he caused Patria Delrosario. See Tex. Penal Code Ann. §§ 22.02,
49.07 (West 1994). Appellant filed both a motion to quash the indictment and a motion to suppress
evidence of his blood alcohol content. The trial court overruled appellant's motion to quash the indictment. (1) 
Thereafter, appellant entered a non-negotiated plea of guilt to the offense of aggravated assault with a
deadly weapon. The trial court accepted his plea and assessed punishment at seven years' imprisonment. 
On appeal, appellant contends that the trial court erred by: (1) overruling his motion to quash the
indictment for charging a general offense over a specific one, and (2) overruling his motion to suppress the
blood alcohol evidence.



DISCUSSION


 After the trial court overruled appellant's motion to quash the indictment, appellant entered
a guilty plea without a plea agreement. A defendant who pleads guilty pursuant to a plea bargain can
appeal those matters which were raised by written motion filed before trial. Tex. R. App. P. 40(b)(1). 
However, one who enters a guilty plea without a plea agreement waives all non-jurisdictional defects
occurring before the guilty plea. Helms v. State, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972); see also
Jack v. State, 871 S.W.2d 741, 742 (Tex. Crim. App. 1994). A complaint directed to the indictment is
one of substance and non-jurisdictional in nature. Studer v. State, 799 S.W.2d 263, 272-73 (Tex. Crim.
App. 1990). Appellant, therefore, waived any complaint regarding the indictment when he entered the
guilty plea without a plea bargain. In any event, the complaint is without merit. See generally Cullen v.
State, 832 S.W.2d 788 (Tex. App.--Austin 1992, pet. denied). We therefore overrule appellant's first
point of error.

 In his second point of error, appellant complains that the trial court improperly overruled
a motion to suppress evidence of his blood alcohol content. Even if error, the trial court's ruling is non-jurisdictional. See Moss v. State, No. 03-95-00636-CR, slip op. at 4-5 (Tex. App.--Austin Dec. 5,
1996, no pet. h.). For the reason already stated above, appellant waived any complaint regarding his
motion to suppress when he entered a guilty plea. Additionally, the record presented to this Court does
not show that the trial court ruled upon appellant's motion to suppress. Therefore, he has not preserved
the matter for review. See Tex. R. App. P. 52(a). Appellant bears the burden of presenting this Court with
a sufficient record establishing error requiring reversal. See id.; Tex. R. App. P. 50(d). By failing to
present a statement of facts, appellant has failed to establish the trial court's ruling that he asserts was error. 
For this additional reason, appellant has waived any error. Johnson v. State, 894 S.W.2d 529, 535 (Tex.
App.--Austin 1995, no pet.). Finally, although the record does not show that the challenged evidence was
admitted, appellant was not convicted of an offense involving alcohol. Accordingly, appellant has not
demonstrated how admission of the blood alcohol evidence could be harmful. We therefore overrule
appellant's second point of error.



CONCLUSION


 Having overruled appellant's two points of error, we affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 12, 1996

Do Not Publish
1.   Appellant did not file a statement of facts on appeal; therefore, we are limited to the
information provided in the transcript. The transcript does not show that the trial court ruled
on appellant's motion to suppress.



ND


 Appellant was charged with aggravated assault with a deadly weapon and intoxication
assault for the serious bodily injury he caused Patria Delrosario. See Tex. Penal Code Ann. §§ 22.02,
49.07 (West 1994). Appellant filed both a motion to quash the indictment and a motion to suppress
evidence of his blood alcohol content. The trial court overruled appellant's motion to quash the indictment. (1) 
Thereafter, appellant entered a non-negotiated plea of guilt to the offense of aggravated assault with a
deadly weapon. The trial court accepted his plea and assessed punishment at seven years' imprisonment. 
On appeal, appellant contends that the trial court erred by: (1) overruling his motion to quash the
indictment for charging a general offense over a specific one, and (2) overruling his motion to suppress the
blood alcohol evidence.



DISCUSSION


 After the trial court overruled appellant's motion to quash the indictment, appellant entered
a guilty plea without a plea agreement. A defendant who pleads guilty pursuant to a plea bargain can
appeal those matters which were raised by written motion filed before trial. Tex. R. App. P. 40(b)(1). 
However, one who enters a guilty plea without a plea agreement waives all non-jurisdictional defects
occurring before the guilty plea. Helms v. State, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972); see also
Jack v. State, 871 S.W.2d 741, 742 (Tex. Crim. App. 1994). A complaint directed to the indictment is
one of substance and non-jurisdictional in nature. Studer v. State, 799 S.W.2d 263, 272-73 (Tex. Crim.
App. 1990). Appellant, therefore, waived any complaint regarding the indictment when he entered the
guilty plea without a plea bargain. In any event, the complaint is without merit. See generally Cullen v.
State, 832 S.W.2d 788 (Tex. App.--Austin 1992, pet. denied). We therefore overrule appellant's first
point of error.

 In his second point of error, appellant complains that the trial court improperly overruled
a motion to suppress evidence of his blood alcohol content. Even if error, the trial court's ruling is non-jurisdictional. See Moss v. State, No. 03-95-00636-CR, slip op. at 4-5 (Tex. App.--Austin Dec. 5,
1996, no pet. h.). For the reason already stated above, appellant waived any complaint regarding his
motion to suppress when he entered a guilty plea. Additionally, the record presented to this Court does
not show that the trial court ruled upon appellant's motion to suppress. Therefore, he has not preserved
the matter for