Emanuel Randle
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-096-CR

Â Â Â Â Â EMANUEL RANDLE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 97-428-C
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Emanuel Randle was convicted of burglary of a habitation after entering a plea of guilty. 
See Tex. Pen. Code Ann. Â§ 30.02 (Vernon 1994 & Supp. 1999). He was sentenced to 15 yearsâ
imprisonment. He appeals, presenting two issues for review. Both issues complain of untimely
notice of the Stateâs intent to use a prior conviction to enhance his punishment. Finding that
Randleâs entry of a guilty plea waived his complaint, we will affirm the judgment.
Â 
PROCEDURAL HISTORY
Â Â Â Â Â Â Randleâs burglary charge was scheduled to be tried before a jury on Monday, January 20,
1998. On this date, Randle entered a plea of guilty. On the Friday immediately preceding this
date, Randle received the Stateâs notice of intent to use a prior conviction for enhancement
purposes. He complains that this insufficient notice deprived him of due process because he did
not have an adequate opportunity to contest the validity of the prior conviction. 
Â Â Â Â Â Â When an open plea of guilty or nolo contendere is made, all non-jurisdictional defects
occurring prior to the plea are waived. Jack v. State, 871 S.W.2d 741, 744 (Tex. Crim. App.
1994); Helms v. State, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972). This includes claimed
deprivations of federal due process. Id. 
Â Â Â Â Â Â After his objection to the untimely nature of the notice was overruled, Randle entered a plea
of guilty and a plea of true to the enhancement allegation without condition. Nearly two months
later, at the hearing on punishment, Randle reurged his objection and requested permission to
appeal the courtâs ruling. This was too late.


 Randle knowingly and voluntarily entered his plea
of guilty and waived any error concerning the timeliness of the notice which occurred prior to the
entry of his plea. Issue one is overruled.


 
Â Â Â Â Â Â We leave Randleâs second issue for a habeas corpus proceeding, where the record can be
developed on any claim of ineffective assistance of counsel he might assert.
Â Â Â Â Â Â The judgment is affirmed.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Â Â Â Â Justice Gray
Affirmed 
Opinion delivered and filed March 3, 1999
Do not publish



blic place; and (4) it is shown on the trial of the offense that the person has
previously been convicted two times of any other offense relating to the
operation of a motor vehicle while intoxicated. 
Tex. Penal Code Ann. Â§
49.04; 49.09 (Vernon 2004).Â  The language
of the charge closely follows the statutory elements.Â  Thus, the charge was only relating the
general definition and description of the offense and was therefore
proper.Â  We overrule Penrose's sole
issue.




Conclusion

Â Â Â Â Â Â Â Â Â  Having
overruled Penrose's sole issue we affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FELIPE
REYNA

Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Before Chief Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice Vance, and 

Â Â Â Â Â Â Â Â Â  Justice Reyna

Affirmed

Opinion delivered and filed August
 25, 2004

Do not publish

[CR25]