In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-214 CR


____________________



CLIFTON BRIDGES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 75325






OPINION


 Clifton Bridges pleaded guilty to possession of a controlled substance, cocaine, in
an amount of less than one gram. Tex. Health & Safety Code Ann. § 481.115(b)
(Vernon Supp. 2001). The trial court deferred adjudication of guilt and placed Bridges on
community supervision for a period of ten years. In a subsequent hearing on motion to
adjudicate guilt, Bridges pleaded true to the allegations that he failed to report to his
community supervision officer, failed to perform community service, failed to pay court-assessed fees, and failed to complete the Drug Diversion program as ordered by the trial
court. The trial court found the allegations to be true, convicted Bridges and assessed
punishment at two years of confinement in a state jail facility. (1) As the plea was non-negotiated, we have jurisdiction over the appeal. Jack v. State, 871 S.W.2d 741 (Tex.
Crim. App. 1994).

 After appeal was perfected, appellate counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes no arguable error
which would support an appeal is presented, a conclusion with which we concur. On July
19, 2001, Bridges was given an extension of time in which to file a pro se brief if he so
desired. We received no response from the appellant. 

 Bridges cannot raise error relating to the plea proceeding in this appeal, nor may
he appeal the trial court's decision to adjudicate guilt. Manuel v. State,  994 S.W.2d 658,
661 (Tex. Crim. App. 1999); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App.
1999). Bridges was provided the opportunity to present punishment evidence during the
proceedings. See Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).

 We have reviewed the clerk's and the reporter's records, and find no arguable error
requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Accordingly, we affirm the trial court's judgment.

 AFFIRMED.

 PER CURIAM


Submitted on October 22, 2001

Opinion Delivered October 31, 2001

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. Bridges pleaded "true" to having a prior conviction for aggravated robbery during
the initial proceeding. He was admonished for a third degree felony offense. Had the
trial court proceeded with the punishment at that time, Bridges's punishment exposure
would have been two to ten years of confinement in the Texas Department of Criminal
Justice, Institutional Division. See Tex. Pen. Code Ann. § 12.35(c)(2)(A) (Vernon
1994). The State recommended four years of incarceration. Instead, the trial court
deferred adjudication of guilt and placed Bridges on felony community supervision ten
years, as opposed to state jail felony community supervision. The trial court ultimately
convicted Bridges without entering the finding on the enhancement and sentenced Bridges
under Section 12.35(a) without objection.