NOS. 12-01-00103-CR


 12-01-00104-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




JAMMY REEVES
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS


______________________________________________________________________________

PER CURIAM


 Appellant Jammy Reeves ("Appellant") was charged with burglary of a habitation and
criminal mischief. Appellant pleaded guilty to the felony offenses, and the trial court deferred
adjudication for a period of ten years under certain terms and conditions on the burglary offense and
sentenced Appellant to five years probation on the criminal mischief offense. Subsequently, the
State moved to adjudicate and revoke because Appellant violated the terms and conditions of
probation. After hearing evidence, the trial court sentenced Appellant to twelve years of
imprisonment. The trial court appointed counsel for an appeal. Appellant's counsel filed a brief in
which he stated that after a careful review of the record he could identify no issues to present for
review. We affirm.

 In Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the United
States Supreme Court set out requirements for the courts to follow in cases in which the attorney
representing a convicted criminal defendant can find no reversible error on which to base an appeal: 


 ...if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should
so advise the [appellate] court and request permission to withdraw. That request must, however, be
accompanied by a brief referring to anything in the record that might arguably support the appeal. A
copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that
he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to
decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw
and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the
merits, if the state law so requires, On the other hand, if it finds any of the legal points arguable on
their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance
of counsel to argue the appeal.



Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Stafford v. State, 813 S.W.2d 503, 509-10 (Tex. Crim.
App. 1991). In the instant case, Appellant's counsel mailed a copy of the brief and a copy of the trial
court's record to Appellant, advising him that he could file a pro se brief on appeal if he so desired. 
Appellant's counsel also filed a motion to withdraw as attorney for Appellant. The time for filing
a pro se brief has now expired. 

 Appellant's counsel explained in detail in the brief that he had reviewed the record,
conducted the analysis required in Anders, and that he could find no error preserved for appeal. The
record reflects that Appellant signed a waiver of constitutional rights, an agreement to stipulate to
certain facts, and a judicial confession. See Helms v. State, 484 S.W.2d 925, 927 (Tex. Crim. App.
1972). Furthermore, Appellant pleaded guilty without an agreed recommendation as to sentencing,
thereby waiving all non-jurisdictional error occurring prior to the entry of the plea. Young v. State,
8 S.W.3d 656 (Tex. Crim. App. 2000); Jack v. State, 871 S.W.2d 741, 744 (Tex. Cr. App. 1994). 
Appellant also signed written admonishments that complied in every respect with article 26.13 of
the Texas Code of Criminal Procedure. 

 Appellant's counsel points out that the sentence is within the punishment range for the
offense charged. Counsel further concludes from the record that Appellant was not misled nor
misadvised on any aspect of the case.

 We hold that Appellant's appointed counsel complied with the requirements of Anders. We
have reviewed the record and have found no error in the proceedings below. Therefore, counsel's
motion to withdraw is granted and the judgment of the trial court is affirmed.

Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)