In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-02-486 CR


____________________



KENNETH PIERCE SWANN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 86102






MEMORANDUM OPINION


 Kenneth Pierce Swann entered a non-negotiated guilty plea to an indictment for the
state jail felony offense of forgery. See Tex. Pen. Code Ann. § 32.21 (b),(d) (Vernon 
2003). The trial court convicted and sentenced Swann to two years of confinement in the
Texas Department of Criminal Justice, State Jail Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On March 6, 2003, Swann
was given an extension of time in which to file a pro se brief. We received no response
from the appellant. Because the appeal involves the application of well-settled principles
of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 As there was no plea bargain agreement, we have jurisdiction over the appeal. Jack
v. State, 871 S.W.2d 741 (Tex. Crim. App. 1994). (1) It appears the appellant was duly
admonished. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2003).
Swann signed a judicial confession and admitted his guilt in open court. He does not
contest the voluntariness of his guilty plea. 

 We have reviewed the clerk's and the reporter's records, and find no arguable error
requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Accordingly, we affirm the trial court's judgment.

 AFFIRMED.

 PER CURIAM


Submitted on June 30, 2003

Opinion Delivered July 16, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Swann pleaded guilty after the trial court rejected a plea bargain agreement.