In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-507 CR


____________________



KASSIE ANTOINETTE WILSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Court Cause No. 8377






MEMORANDUM OPINION



 Appellant, Kassie Antoinette Wilson, entered a non-negotiated guilty plea to the
lesser-included felony offense of Aggravated Robbery. (1) See Tex. Pen. Code Ann. § 29.03
(Vernon 2003). The trial court convicted and sentenced appellant to confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term of forty years. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Appellant was provided an extension
of time in which to file a pro se brief. We have received a type-written pro se document
from appellant, filed September 4, 2003. As there is no plea bargain agreement apparent
from the record before us, we have jurisdiction over the appeal. Jack v. State, 871 S.W.2d
741 (Tex. Crim. App. 1994). (2)

 The document filed by appellant as her designated brief raises no appellate issues, and
contains no authorities nor argument in an effort to alter her judgment and sentence. There
is a lengthy recitation of her version of the events surrounding the killing of the victim and
the subsequent investigation by the authorities into her role in the killing. She also complains
of being misled by her trial counsel, but she does not elaborate. She says she received "only
a few visits" from him, and was unaware of the facts of her case. This is in contrast to her
sworn testimony at the guilty-plea hearing in which she affirmed to the trial court that trial
counsel had visited her "on numerous occasions," that trial counsel had "discussed this case
and has answered all of your questions," and that she was "satisfied with the legal advise
[sic] and representation he has given you." Stapled to her brief are copies of three appellate
court cases. However, these cases are not referenced in any way in the body of her brief. 
Nevertheless, as this appeal came to us via an Anders claim from appellate counsel we will
conduct an independent review of the record for any arguable error and order appointment
of new counsel if any arguable error is found. See Stafford v. State, 813 S.W.2d 503, 510-11
(Tex. Crim. App. 1991). 

 The plea proceeding appears to have been proper and conducted as required by Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2004). The subsequent punishment
hearing also appears proper. A videotape statement by appellant was introduced into
evidence and played for the trial court. Appellant also called witnesses who testified on her
behalf. The trial court then assessed punishment within the punishment range for the offense. 
 We have also reviewed the hearing on appellant's written motion to suppress and find
no error in the denial of the motion. Appellant was not in custody during the recording of
the first videotape statement and appellant knowingly and voluntarily waived her rights under
Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) prior to giving the
second videotape statement. There appears to be no violation of appellant's constitutional
rights nor a violation of the provisions of either Tex. Code Crim. Proc. Ann. art. 38.22
(Vernon Supp. 2004), or Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2004).

 As we find no arguable error, and find that appellant's pro se brief contains no
cognizable appellate issues, we affirm the judgment and the sentence of the trial court. 

 AFFIRMED.

 ___________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on February 6 , 2004

Opinion Delivered February 11, 2004

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Appellant was initially indicted for Capital Murder. However, on the day of the plea
of guilty by appellant, the State filed a motion to proceed only on the lesser-included offense
of Aggravated Robbery. The State's motion was granted by the trial court. 
2. Because the notice of appeal was filed prior to January 1, 2003, we look to the law
in effect at that time. Tex. R. App. P. 25.2 was amended effective January 1, 2003.