COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-083-CR

  
RONALD DAVIS                                                                    APPELLANT

 
V.

 
THE STATE OF TEXAS                                                                  STATE

 
------------
 
FROM THE 16TH 
DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Ronald 
Davis appeals from his conviction for possession of cocaine and his sentence of 
thirty-five years’ confinement. We affirm.
FACTS
        The 
police arrested appellant for possession of more than one pound of cocaine. He 
confessed to the crime and attempted to become a confidential informant in 
exchange for leniency in sentencing. On October 18, 2001, appellant entered an 
open plea of guilty to the offense of possession of a controlled substance with 
the intent to deliver. The indictment included two felony enhancement paragraphs 
and appellant pled “true” to both. Appellant waived his right to a jury 
trial and the trial court sentenced appellant to thirty-five years’ 
confinement. Appellant filed a pro se notice of appeal and requested the trial 
court to appoint him counsel on appeal.
ANDERS BRIEF
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no arguable grounds for relief.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially re-brief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf. See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991). Because appellant entered an open plea 
of guilty, our independent review for potential error is limited to potential 
jurisdictional defects, the voluntariness of appellant’s plea, error that is 
not independent of the judgment of guilt, and error occurring after entry of the 
guilty plea. Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Flowers 
v. State, 935 S.W.2d 131, 132 (Tex. Crim. App. 1996) (disapproved on other 
grounds by Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001)); Jack 
v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994). Our independent 
review of the record reveals that counsel has correctly determined that there 
are no arguable grounds for appeal.
INDEPENDENT REVIEW
        There 
are no jurisdictional errors. The indictment conferred jurisdiction on the trial 
court and provided appellant with sufficient notice to prepare a defense. See 
Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.07 
(Vernon Supp. 2004); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. 
App. 1997).
        The 
record reflects that appellant knowingly and voluntarily entered his plea. After 
being admonished by the trial court regarding the consequences of his plea, 
appellant insisted on pleading guilty and admitted his guilt in open court. 
Nothing in the record would support a claim that appellant’s plea was 
involuntary.
        Finally, 
the trial court assessed punishment within the statutory range. Possession of 
over 400 grams of controlled substance, with the intent to deliver, is a first 
degree felony. See Tex. Penal Code 
Ann. § 12.32 (Vernon 2003), § 12.42(d) (Vernon Supp. 2004). With two 
felony enhancements, the offense is punishable by twenty-five years to life 
imprisonment. See id. § 12.42(d). The court sentenced appellant to 
thirty-five years’ confinement. There is nothing to suggest that the trial 
court erred in sentencing appellant.
        Our 
independent review of the areas available to appellant for an appeal leads us to 
conclude that there are no grounds upon which appellant could be arguably 
successful on appeal. Therefore, we grant appellate counsel’s motion to 
withdraw and affirm the trial court’s judgment.

  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE

 
PANEL B:   LIVINGSTON, 
DAUPHINOT, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: March 25, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.