In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-095 CR


____________________



MONICA LYNN LEBOUEF, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 93618






MEMORANDUM OPINION


 Monica Lynn LeBouef entered a non-negotiated guilty plea to an indictment for the
state jail felony offense of forgery by passing. See Tex. Pen. Code Ann. § 32.21(Vernon
2003 & Supp. 2005). The trial court sentenced LeBouef to two years' confinement in the
Texas Department of Criminal Justice, State Jail Division. The trial court certified that this
is not a plea-bargain case, and that the defendant has the right to appeal. See Tex. R. App.
P. 25.2(d).

 LeBouef's counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 21, 2005, LeBouef was given
an extension of time to file a pro se brief. We received no response from LeBouef. 

 The record contains a document signed by both parties, titled "Agreed Punishment
Recommendation," indicating the prosecution would proceed only on Count 1 of the
indictment. However, this document was not considered a plea bargain agreement as
indicated by the trial court's judgment and certification of LeBouef's right to appeal. The
other count was actually a prior felony conviction of LeBouef that was mentioned for
enhancement purposes. The prosecution stated this prior felony would have "no valid legal
[e]ffect to enhance the State Jail felony" and thus, the State dropped the enhancement count
in the indictment. 

 As there was no plea bargain agreement, (1) we have jurisdiction over the appeal. Jack
v. State, 871 S.W.2d 741, 744 (Tex. Crim. App. 1994). The record reflects that LeBouef was
duly admonished. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2005). 
LeBouef signed a judicial confession and admitted her guilt in open court. She does not
contest the voluntariness of her guilty plea.

 Having reviewed the clerk's and the reporter's records, we find no arguable error
requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Accordingly, we affirm the trial court's judgment.

 AFFIRMED.


 ___________________________

 HOLLIS HORTON

 Justice


Submitted on October 10, 2005

Opinion Delivered November 16, 2005 

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Under the facts of this case, there was no plea bargain agreement because LeBouef's
previous conviction for Burglary of a Habitation does not alone satisfy the Penal Code's
enhancement requirements. Tex. Pen. Code Ann. § 12.35, 12.42 (Vernon 2003 & Supp.
2005). Because this "count" could not have been used by the State to enhance LeBouef's
sentence, there was no bargain in the State's agreement to dismiss the count.