In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00476-CR


NO. 09-08-00477-CR


____________________



COLIN LEE ROMERO, Appellant



V.



THE STATE OF TEXAS, Appellee


 




On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 07-00152 and 07-00187 






MEMORANDUM OPINION



 Appellant Colin Lee Romero entered a non-negotiated plea of guilty to two
indictments for reckless manslaughter. The trial court convicted Romero and sentenced him
to eighteen years of confinement in each case, and ordered that the sentences were to run
concurrently. The trial court certified that these are not plea-bargain cases, and the defendant
has the right of appeal.

 Romero's counsel filed a brief that presents counsel's professional evaluation of the
records and concludes the appeals are frivolous. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 
On January 8, 2009, we gave Romero an extension of time in which to file pro se briefs. We
received no response from the appellant.

 Because there were no plea-bargain agreements, we have jurisdiction over the appeals. 
See Jack v. State, 871 S.W.2d 741 (Tex. Crim. App. 1994). The required admonishments
appear in the records. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2009). Romero
signed judicial confessions in which he admitted guilt. Romero does not contest the
voluntariness of his pleas of guilty.

 We have reviewed the appellate records, and we agree with counsel's conclusion that
no arguable issues support these appeals. Therefore, we find it unnecessary to order
appointment of new counsel to re-brief the appeals. Compare Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). We note that the judgments in both cases incorrectly recite
that there was a plea bargain agreement. This Court has the authority to reform the trial
court's judgments to correct clerical errors. See Tex. R. App. P. 43.2(b); Bigley v. State, 865
S.W.2d 26, 27 (Tex. Crim. App. 1993). In trial cause number 07-00152, in the section of the
judgment entitled "Terms of Plea Bargain[,]" the judgment recites "CONFINEMENT IN
THE INSTITUTIONAL DIVISION FOR A TERM OF 18 YEARS. TO RUN
CONCURRENT WITH CAUSE # 07-00187[.]" We delete this language and substitute
"N/A" in its place. In trial cause number 07-00187, in the section of the judgment entitled
"Terms of Plea Bargain[,]" the judgment recites "CONFINEMENT IN THE
INSTITUTIONAL DIVISION FOR A TERM OF 18 MONTHS [sic]. TO RUN
CONCURRENT WITH CAUSE # 07-00152[.]" We delete this language and substitute
"N/A" in its place. We affirm the trial court's judgments as reformed. (1)

 AFFIRMED AS REFORMED.



 _________________________________

 STEVE McKEITHEN 

 Chief Justice

 


Submitted on April 17, 2009

Opinion Delivered May 6, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Appellant may challenge our decision in these cases by filing a petition for
discretionary review. See Tex. R. App. P. 68.