ACCEPTED
05-17-00757-cr
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/23/2018 10:17 PM
LISA MATZ
CLERK

Lisa Matz, Clerk
5th Court of Appeals
FILED: 03/27/2018

**No. 05-17-00757-CR**

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/23/2018 10:17:45 PM
LISA MATZ
Clerk

**MIGUEL GUERRERO REYES**,

APPELLANT

**v.**

**THE STATE OF TEXAS**,

APPELLEE

*On Appeal from the 292nd Judicial District Court*
*Hon. Brandon Birmingham, Judge Presiding*
*Dallas County, Texas*
*In Cause No. F-16-53482-V*

**AMENDED BRIEF IN SUPPORT OF MOTION TO WITHDRAW**

*Counsel of Record:*

TARA CUNNINGHAM
Attorney for Appellant
State Bar No. 24068757
325 N Saint Paul St, Ste 2750
Dallas, TX 75201
(214) 457-0359
TaraCunningham@gmail.com

# LIST OF PARTIES

**APPELLANT**

Miguel Guerrero Reyes

**APPELLEE**

The State of Texas

**DEFENSE COUNSEL AT TRIAL**

James Guinan
5005 Greenville Ave
Suite 200
Dallas, TX 75206

**STATE'S ATTORNEY AT TRIAL**

Brandie Wade
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

**APPELLANT'S ATTORNEY ON APPEAL**

Tara Cunningham
325 N Saint Paul St, Ste 2750
Dallas, TX 75201

**STATE'S ATTORNEY ON APPEAL**

Faith Johnson (or her designated representative)
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

# Table of Contents

List of Parties……………………………………………………………………..i

Table of Contents.................................................................................................... ii

Table of Authorities ............................................................................................. iiii

Statement of the Case ........................................................................................... iv

Statement of Facts................................................................................................. 1

Summary of the Argument……………………………………………………..3

Argument…………………………………………………………………………3

Conclusion.............................................................................................................. 7

Certificate of Compliance...................................................................................... 8

Certificate of Service ............................................................................................. 8

# Table of Authorities

**Cases**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)……..……….6

*Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974)……………………………..……..6

*Griffin v. State*, 614 S.W.2d 155, 158 (Tex. Crim. App. 1981)…………………………4

*Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986)........................................................5

*Jack v. State*, 871 S.W.2d 741 (Tx.Cr.App. 1994)……………...………………………6

*Jeffery v. State*, 903 S.W.2d 776 (Tex.App.-Dallas 1995, no pet.)……………………….6

*Jackson v. Virginia*, 443 U.S. 307 (1979)……………………………………………4

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984)..................5

**Statutes**

Tex. Penal Code Sec. 21.11……………………………………………………………..3

Tex. Code Crim. Proc. Sec. 12.33……………………………………………………5

Tex. Code Crim. Proc. art. 46B.003(a)(1) and (2)…………………………………….6

## Statement Regarding Oral Argument

Counsel waives oral argument herein since the facts and legal arguments are adequately presented in the brief.

## TO THE HONORABLE COURT OF APPEALS:

COMES NOW Miguel Guerrero Reyes, Appellant in the above styled and numbered cause, and respectfully submits this brief in support of Motion to Withdraw.

## Statement of the Case

Appellant was indicted for Indecency with a Child, the date of offense being April 3, 2016. (CR1:10). Appellant entered a plea of not guilty. (RR4: 49). A jury found Appellant guilty and the trial court sentenced Appellant to 12 years' confinement. (CR1: 96). The sentence was imposed and the court entered judgment on June 23, 2017. (CR1:96). Appellant timely filed his notice of appeal. (CR1:102).

# Statement of Facts

**Background of Offense:**

Appellant went to the home of his boss, Oscar Regalado. (RR4: 131). Mr. Regalado was not home, but his three children were there alone. (RR4:66-67). While eating breakfast, one of the children, who was eight year-old, saw Appellant walk into the apartment and go into the bedroom where his sister, Complainant, was at. (RR5:166-167). Appellant was intoxicated. (RR5:166-167). Nine year-old, Complainant, said that Appellant came into the bedroom while she was lying in bed and touched her vagina. (RR4:155-156). When she kicked, Appellant left the apartment. (RR4:156). Shortly after that, Oscar Regalado came home and Complainant told him what happened. (RR4:74-76, 157). The police were called. (RR4:82-83). When Appellant was questioned by police several hours later, he admitted to touching Complainant's vagina and wrote a confession after being advised of his Miranda rights. (RR5:102-105).

**Charging Instruments:**

The indictment alleges that appellant "did unlawfully, with the intent to arouse and gratify the sexual desire of the defendant, engage in sexual contact with [Complainant's name removed for privacy], hereinafter called complainant, a child younger than 17 years and not then the spouse of the defendant, by contact between

1

the hand of the defendant and the genitals of the complainant". (CR1:10). There was no objection made to the indictments and no motion to quash filed.

**Voluntariness of Confession:**

Before Appellant met with police, he had been drinking heavily and had not had much sleep. (RR5:165-167). However, nearly eight hours had passed before Appellant finally talked to the detective. (RR5:15). He told the detective that he was fine. (RR5:59). He did not have slurred speech or show other signs of impairment. (RR5:26-28). After being advised of his Miranda rights in Spanish, Appellant voluntarily waived those rights and wrote a confession. (RR5:29-31).

**Punishment**

The jury found Appellant guilty and the court set punishment at twelve (12) years' confinement in the penitentiary. (CR1:10).

**Effective Assistance of Counsel:**

There is nothing in the record to indicate that appellant was denied the effective assistance of counsel at his trial. Appellant does not appear to be misled by trial counsel in the record that he would receive special treatment or leniency. At trial, defense counsel asked questions attempting to establish that Appellant was too intoxicated to give a reliable statement to detectives. (RR5:112-183). He also pointed

2

out inconsistencies in the state's witness's testimony and called defense witnesses to testify that the complainant lied. (RR5:125-128).

**Competency to Stand Trial:**

From the record, appellant appeared to be competent to stand trial by showing a rational as well as factual understanding of the proceedings against him and that he had a present ability to consult with his lawyer with a reasonable degree of rational understanding. No evidence was presented to prove appellant was incompetent.

## Summary of the Argument

After thorough examination of the clerk's record and reporter's record, there is no point of error that can be supported by the record.

## Argument

**Charging Instruments:**

The indictment alleges that appellant "did unlawfully, with the intent to arouse and gratify the sexual desire of the defendant, engage in sexual contact with [Complainant's name removed for privacy], hereinafter called complainant, a child younger than 17 years and not then the spouse of the defendant, by contact between the hand of the defendant and the genitals of the complainant". (CR1:10). The indictment contains all the elements required for the offense. Tex. Penal Code Sec. 21.11.

There was no objection made to the indictments and no motion to quash filed. No error is found in the indictments.

**Sufficiency of Evidence:**

Texas has adopted the *Jackson v. Virginia*, 443 U.S. 307 (1979) standard of review for assessing the legal sufficiency of evidence in a criminal case. *Griffin v. State*, 614 S.W.2d 155, 158 (Tex. Crim. App. 1981). Under that standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

The complainant, testified that Appellant touched her vagina. (RR4:155-156). As soon as her father Oscar Regalado arrived back home she made an outcry to him about what happened. (RR4:74-76, 157). He testified that Complainant told him Appellant touched her vagina. (RR4:74-76). Further, after being advised of his Miranda rights, Appellant confessed to police that he touched Complainant's vagina and that he felt bad about it because he knew it was wrong. (RR5:29-31, 80). It appears that the *Jackson* standard has been met.

**Voluntariness of Confession:**

Before Appellant met with police, he had been drinking heavily and had not had much sleep. (RR5:165-167). However, nearly eight hours had passed before Appellant finally talked to the detective. (RR5:15). He told the detective that he was

fine. (RR5:59). He did not have slurred speech or show other signs of impairment. (RR5:26-28). After being advised of his Miranda rights in Spanish, Appellant voluntarily waived those rights and wrote a confession. (RR5:29-31). His confession was voluntary.

**Punishment Range**

The punishment range for a first degree offense is 2-20 years in the Texas Department of Criminal Justice. Tex. Code Crim. Proc. Sec. 12.33. The jury found Appellant guilty and the court set punishment at twelve (12) years' confinement in the penitentiary. (CR1:10). This sentence is within the range of punishment for the offense. Tex. Code. Crim. Proc. 12.33. Sentencing is within the discretion of the court. No objection was made to the punishment assessed which cannot be shown to be cruel or unusual, and no error is found.

**Effective Assistance of Counsel:**

There is nothing in the record to indicate that Appellant was denied the effective assistance of counsel at his trial. Ineffective assistance of counsel is judged by the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984), and *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986). Appellant does not appear to be misled by trial counsel in the record that he would receive special treatment or leniency. At trial, defense counsel asked questions attempting to establish that Appellant was too intoxicated to give a reliable statement to detectives. (RR5:112-

183). He also pointed out inconsistencies in the state's witness's testimony and called defense witnesses to testify that the complainant lied. (RR5:125-128). Appellant's trial counsel appears to meet the Strickland standard.

**Competency to Stand Trial:**

From the record, appellant appeared to be competent to stand trial by showing a rational as well as factual understanding of the proceedings against him and that he had a present ability to consult with his lawyer with a reasonable degree of rational understanding. Tex. Code Crim. Proc. art. 46B.003(a)(1) and (2). No evidence was presented to prove appellant was incompetent.

**Other Relevant Facts:**

There are no jurisdictional defects. There are no non-jurisdictional defects arising at or after entry of Appellant's pleas. *See Jack v. State*, 871 S.W.2d 741 (Tx.Cr.App. 1994).

## STATEMENT OF ATTORNEY TO THE COURT

This brief is filed by counsel appointed by the court to represent appellant on appeal in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). Counsel has also filed with this Court a Motion to Withdraw as Court Appointed Counsel on Appeal in accordance with the procedures and standards set out in *Jeffery v. State*, 903 S.W.2d 776

(Tex.App.-Dallas 1995, no pet.). After thorough examination of the clerk's record and reporter's record, counsel can find no point of error that can be supported by the record. Counsel has discussed the evidence and the documents in the record, citing references to the record.

## PRAYER

WHEREFORE, premises considered, the undersigned counsel requests the Court of Appeals review the record on appeal, consider the Motion to Withdraw as Court Appointed Counsel, review the foregoing Brief in Support of Motion to Withdraw and grant the Motion to Withdraw.

Respectfully submitted,

/s/Tara Cunningham
TARA CUNNINGHAM
Attorney for Appellant
State Bar No. 24068757
325 N Saint Paul St, Ste 2750
Dallas, TX 75201
(214) 457-0359
TaraCunningham@gmail.com

## Certificate of Compliance

I certify that this brief contains 1,847 words. This word count includes all necessary parts outlined in Texas Rule of Appellate Procedure 9.4(i)(1), and it was conducted with Microsoft Word 2007.

/s/Tara Cunningham
Tara Cunningham

## Certificate of Service

I hereby certify that a true copy of the foregoing brief was served on the Dallas County Criminal District Attorney's Office (Appellate Section), 133 N. Riverfront Blvd., LB-19, 10th Floor, Dallas, Texas, 75207, by electronic transmission on March 22, 2018.

/s/Tara Cunningham
Tara Cunningham