COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-194-CR
                                                 2-04-195-CR
                                                 2-04-196-CR
 
  
THOMAS DON WRIGHT                                                         APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Thomas 
Don Wright appeals from his convictions for three drug offenses—possession of 
methamphetamine on August 29, 2002 and manufacture and delivery of 
methamphetamine on September 23, 2002.  We affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
her professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California[2] 
by presenting a professional evaluation of the record demonstrating why there 
are no arguable grounds for relief.  Although appellant has been given an 
opportunity to file a pro se brief, he has not done so.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf.[3]  
Because appellant entered an open plea of guilty, our independent review for 
potential error is limited to potential jurisdictional defects, the 
voluntariness of appellant’s plea, error that is not independent of the 
judgment of guilt, and error occurring after entry of the guilty plea.[4]  Our independent review of the record reveals that 
counsel has correctly determined that there are no arguable grounds for relief.
        There 
are no jurisdictional errors.  The indictments conferred jurisdiction on 
the trial court and provided appellant with sufficient notice to prepare a 
defense.[5]
        The 
record reflects that appellant knowingly and voluntarily entered his 
pleas.  Appellant signed written plea admonishments, and the trial court 
also admonished him orally regarding the consequences of his pleas.  
Appellant then pleaded guilty and admitted his guilt in open court.  
Nothing in the record would support a claim that appellant’s pleas were 
involuntary.
        There 
are no errors that are not independent of the judgments of guilt.  Although 
no pretrial motions were filed and no objections were lodged during the plea 
hearing, there is no evidence that trial counsel’s performance was deficient.[6]
        Finally, 
the trial court assessed punishment within the statutory range for each 
offense.  Appellant’s possession and delivery offenses are second-degree 
felonies with a penalty range of two to twenty years’ confinement and up to a 
$10,000 fine.[7]  Appellant’s manufacturing 
offense is a first-degree felony with a punishment range of five to ninety-nine 
years or life and up to a $10,000 fine.[8]  
Appellant was sentenced to eleven years’ confinement for each offense, with 
the sentences to run concurrently.
        Our 
independent review of the areas available to appellant for an appeal leads us to 
conclude that there are no grounds upon which appellant arguably could be 
successful on appeal.  Therefore, we grant appellate counsel’s motion to 
withdraw and affirm the trial court’s judgments.
   
    
                                                          PER 
CURIAM
 
 
  
PANEL A:   CAYCE, 
C.J.; DAUPHINOT and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: June 30, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
386 U.S. 738, 87 S. Ct. 1396 (1967).
3.  
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
4.  
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v. 
State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Flowers v. State, 
935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996) (disapproved on other grounds by Cooper 
v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001)); Jack v. State, 871 
S.W.2d 741, 743-44 (Tex. Crim. App. 1994).
5.  
See Tex. Const. art. V, § 
12; Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. 
Crim. App. 1997).
6.  
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez 
v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).
7.  
See Tex. Health & Safety Code 
Ann. §§ 481.102(6) (Vernon Supp. 2004-05), §§ 481.112(c), 481.115(d) 
(Vernon 2003); Tex. Penal Code Ann. 
§ 12.33 (Vernon 2003).
8.  
See Tex. Health & Safety Code 
Ann. §§ 481.102(6), 481.112(c); Tex. 
Penal Code Ann. § 12.32.