Wright v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-194-CR

        
2-04-195-CR

        2-04-196-CR

THOMAS DON WRIGHT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Thomas Don Wright appeals from his convictions for three drug offenses—possession of methamphetamine on August 29, 2002 and manufacture and delivery of methamphetamine on September 23, 2002.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Although appellant has been given an opportunity to file a pro se brief, he has not done so. 

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 3)  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.
(footnote: 4)  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors.  The indictments conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.
(footnote: 5) 

The record reflects that appellant knowingly and voluntarily entered his pleas.  Appellant signed written plea admonishments, and the trial court also admonished him orally regarding the consequences of his pleas.  Appellant then pleaded guilty and admitted his guilt in open court.  Nothing in the record would support a claim that appellant’s pleas were involuntary.

There are no errors that are not independent of the judgments of guilt. Although no pretrial motions were filed and no objections were lodged during the plea hearing, there is no evidence that trial counsel’s performance was deficient.
(footnote: 6)
 Finally, the trial court assessed punishment within the statutory range for each offense.  Appellant’s possession and delivery offenses are second-degree felonies with a penalty range of two to twenty years’ confinement and up to a $10,000 fine.
(footnote: 7)  Appellant’s manufacturing offense is a first-degree felony with a punishment range of five to ninety-nine years or life and up to a $10,000 fine.
(footnote: 8)  Appellant was sentenced to eleven years’ confinement for each offense, with the sentences to run concurrently. 

Our independent review of the areas available to appellant for an appeal leads us to conclude that there are no grounds upon which appellant arguably could be successful on appeal.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 30, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996) (disapproved on other grounds by 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001)); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).

5:
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005
); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

6:
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999)
.

7:
See 
Tex. Health & Safety Code Ann.
 §§ 481.102(6) (Vernon Supp. 2004-05), §§ 481.112(c), 481.115(d) (Vernon 2003); 
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003).

8:
See
 
Tex. Health & Safety Code Ann.
 §§ 481.102(6), 481.112(c); 
Tex. Penal Code Ann.
 § 12.32.