SMITHERMAN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-165-CR

ANGELA D. SMITHERMAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Angela D. Smitherman, entered an open plea of guilty to possession 
of more than four grams but less than 200 grams of methamphetamine with intent to deliver and true to a habitual offender enhancement.  The trial court assessed her punishment at twenty-five year’s confinement.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel identifies two potential points of error: that Appellant’s sentence is excessive, and that her plea was involuntary because of a conflict between Appellant and her trial counsel.  We address those potential points later in this opinion.  This court provided Appellant the opportunity to file a pro se brief, but she did not do so.

Appellate counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record 
in explaining why there are no arguable grounds for appeal.  
Once court-appointed counsel has complied with 
the 
Anders
 requirements, we must conduct an independent examination of the record to see if there is any arguable ground that may be raised on the appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  
Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), 
disapproved on other grounds
 
by
 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).

Our independent review of the record shows that there is no error that might arguably support an appeal or require reversal.  
The indictment alleges that the offense occurred before the presentment of the indictment. 
 
See
 
Tex. Code Crim. Proc. Ann.
 art. 12.01(6) (Vernon 2005), art. 21.02(6) (Vernon 1989).  
Although the indictment charges Appellant with “intentionally or knowingly” possessing methamphetamine with intent to deliver, the statutory language of the offense criminalizes only “knowingly” possessing with intent to deliver.  
See
 
Tex. Health & Safety Code Ann.
 § 481.102 (Vernon Supp. 2004-05), §
 481.112(d) (Vernon 2003)
.  But Appellant did not object to this irregularity in the indictment, so she may not raise this complaint on appeal.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 1.14(b) (Vernon 2005).  
There are no jurisdictional errors; the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.
  See 
Tex. Const.
 art. V, § 12; 
Tex. Code Crim. Proc. Ann.
 art. 4.05; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The record reflects that Appellant knowingly and voluntarily entered her plea.  After being admonished by the trial court regarding the consequences of her plea, Appellant pleaded guilty and admitted her guilt in open court.  Nothing in the record would support a claim that Appellant’s plea was involuntary.

With regard to the severity of punishment, 
a trial court is vested with a great degree of discretion in imposing an appropriate sentence.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  It is the general rule that as long as a sentence is within the proper range of punishment and has a factual basis in the record, it will not be disturbed on appeal.  
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); 
see also
 
Jackson
, 680 S.W.2d at 814 (holding that a trial court abuses its discretion when it imposes a sentence upon a defendant without having any factual basis for that sentence)
.
 

The trial court assessed punishment within the statutory range.  Possession of more than four but less than 200 grams of methamphetamine with intent to deliver is a first degree felony with a punishment range of twenty-five to ninety-nine years’ confinement for a defendant with two prior felony convictions, plus a fine of up to $10,000.  
See 
Tex. Health & Safety Code Ann.
 §
 481.112(d);
 
Tex. Penal Code Ann.
 ྷ
 12.32 (Vernon 2003), ྷ 12.42(d)(Vernon Supp. 2004-05).  The trial court assessed Appellant’s punishment at twenty-five years’ confinement and no fine, the minimum sentence allowed by law.  There is nothing to suggest that the trial court abused its discretion by assessing Appellant’s punishment.

In the two months before she pleaded guilty, Appellant, acting pro se, filed two “declarations of conflict between attorney and client.”  In both documents, Appellant alleged that her trial counsel failed to file motions as requested by Appellant, showed no interest in acting for Appellant or communicating with her, failed to request a criminal investigator for Appellant, and failed to meet with Appellant and acquaint himself with the facts of her case, and that there was a “total breakdown of communication between attorney and client.”  But in her written guilty plea, Appellant swore that she was “totally satisfied with representation given me by my counsel.  He provided fully effective and competent representation.”  To the extent that Appellant intended to complain of ineffective assistance of trial counsel, we note that the record has not been developed in this regard.  A record sufficient to show ineffective assistance of counsel can rarely be developed on direct appeal.  The Texas Court of Criminal Appeals has pointed out that an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.  
Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); 
see also Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard of review for ineffective assistance claims). 

Our independent review of the areas available to Appellant for an appeal leads us to conclude that there are no grounds upon which Appellant could  arguably be successful on appeal.  Therefore, we overrule Appellant’s points, grant appellate counsel’s motion to withdraw, and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.