COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-165-CR


ANGELA D. SMITHERMAN                                                     APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        Appellant, Angela D. Smitherman, entered an open plea of guilty to
possession of more than four grams but less than 200 grams of
methamphetamine with intent to deliver and true to a habitual offender
enhancement. The trial court assessed her punishment at twenty-five year’s
confinement. Appellant’s court-appointed appellate counsel has filed a motion
to withdraw and a brief in support of that motion. In the brief, counsel avers
that, in his professional opinion, this appeal is frivolous. See Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel identifies two
potential points of error: that Appellant’s sentence is excessive, and that her
plea was involuntary because of a conflict between Appellant and her trial
counsel. We address those potential points later in this opinion. This court
provided Appellant the opportunity to file a pro se brief, but she did not do so.
        Appellate counsel’s brief and motion meet the requirements of Anders v.
California by presenting a professional evaluation of the record in explaining
why there are no arguable grounds for appeal. Once court-appointed counsel
has complied with the Anders requirements, we must conduct an independent
examination of the record to see if there is any arguable ground that may be
raised on the appellant’s behalf. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Because appellant entered an open plea of guilty, our
independent review for potential error is limited to potential jurisdictional
defects, the voluntariness of appellant’s plea, error that is not independent of
the judgment of guilt, and error occurring after entry of the guilty plea. Monreal
v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Flowers v. State, 935 S.W.2d
131, 132-33 (Tex. Crim. App. 1996), disapproved on other grounds by Cooper
v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001); Jack v. State, 871 S.W.2d
741, 743-44 (Tex. Crim. App. 1994).
        Our independent review of the record shows that there is no error that
might arguably support an appeal or require reversal. The indictment alleges
that the offense occurred before the presentment of the indictment. See Tex.
Code Crim. Proc. Ann. art. 12.01(6) (Vernon 2005), art. 21.02(6) (Vernon
1989). Although the indictment charges Appellant with “intentionally or
knowingly” possessing methamphetamine with intent to deliver, the statutory
language of the offense criminalizes only “knowingly” possessing with intent
to deliver. See Tex. Health & Safety Code Ann. § 481.102 (Vernon Supp.
2004-05), § 481.112(d) (Vernon 2003). But Appellant did not object to this
irregularity in the indictment, so she may not raise this complaint on appeal. 
See Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). There are no
jurisdictional errors; the indictment conferred jurisdiction on the trial court and
provided Appellant with sufficient notice to prepare a defense. See Tex. Const.
art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05; Duron v. State, 956 S.W.2d
547, 550-51 (Tex. Crim. App. 1997).
        The record reflects that Appellant knowingly and voluntarily entered her
plea. After being admonished by the trial court regarding the consequences of
her plea, Appellant pleaded guilty and admitted her guilt in open court. Nothing
in the record would support a claim that Appellant’s plea was involuntary.
        With regard to the severity of punishment, a trial court is vested with a
great degree of discretion in imposing an appropriate sentence. Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). It is the general rule that
as long as a sentence is within the proper range of punishment and has a
factual basis in the record, it will not be disturbed on appeal. Nunez v. State,
565 S.W.2d 536, 538 (Tex. Crim. App. 1978); see also Jackson, 680 S.W.2d
at 814 (holding that a trial court abuses its discretion when it imposes a
sentence upon a defendant without having any factual basis for that sentence). 
        The trial court assessed punishment within the statutory range. 
Possession of more than four but less than 200 grams of methamphetamine
with intent to deliver is a first degree felony with a punishment range of
twenty-five to ninety-nine years’ confinement for a defendant with two prior
felony convictions, plus a fine of up to $10,000. See Tex. Health & Safety
Code Ann. § 481.112(d); Tex. Penal Code Ann. § 12.32 (Vernon 2003), §
12.42(d)(Vernon Supp. 2004-05). The trial court assessed Appellant’s
punishment at twenty-five years’ confinement and no fine, the minimum
sentence allowed by law. There is nothing to suggest that the trial court
abused its discretion by assessing Appellant’s punishment.
        In the two months before she pleaded guilty, Appellant, acting pro se,
filed two “declarations of conflict between attorney and client.” In both
documents, Appellant alleged that her trial counsel failed to file motions as
requested by Appellant, showed no interest in acting for Appellant or
communicating with her, failed to request a criminal investigator for Appellant,
and failed to meet with Appellant and acquaint himself with the facts of her
case, and that there was a “total breakdown of communication between
attorney and client.” But in her written guilty plea, Appellant swore that she
was “totally satisfied with representation given me by my counsel. He provided
fully effective and competent representation.” To the extent that Appellant
intended to complain of ineffective assistance of trial counsel, we note that the
record has not been developed in this regard. A record sufficient to show
ineffective assistance of counsel can rarely be developed on direct appeal. The
Texas Court of Criminal Appeals has pointed out that an application for a writ
of habeas corpus is the more appropriate vehicle to raise ineffective assistance
of counsel claims. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App.
2003); see also Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all
providing standard of review for ineffective assistance claims). 
        Our independent review of the areas available to Appellant for an appeal
leads us to conclude that there are no grounds upon which Appellant could 
arguably be successful on appeal. Therefore, we overrule Appellant’s points,
grant appellate counsel’s motion to withdraw, and affirm the trial court’s
judgment.
                                                          PER CURIAM
 
PANEL F:   GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.