COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
 2-04-197-CR

        2-04-198-CR

 

 

STANLEY BERNARD PERKINS                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 








Appellant, Stanley Bernard
Perkins, entered open pleas of guilty to two counts of aggravated robbery.  The trial court assessed his punishment at
twelve years= and
twenty-two years=
confinement, respectively, for the two counts. 
Appellant=s court-appointed
appellate counsel has filed a motion to withdraw and a brief in support of that
motion.  In the brief, counsel avers
that, in his professional opinion, these appeals are frivolous.  See Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967).  Counsel
identifies one potential point of error, ineffective assistance of
counsel.  Appellant filed a pro se brief
and also complains of ineffective assistance of counsel.  We address that point later in this opinion.

Appellate counsel=s brief and motion meet the requirements of Anders by
presenting a professional evaluation of the record in explaining why
there are no arguable grounds for appeal. 
Once court-appointed counsel has complied with the Anders
requirements, we must conduct an independent examination of the record to see
if there is any arguable ground that may be raised on the appellant=s behalf.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).  Because Appellant entered open pleas of guilty, our independent review
for potential error is limited to potential jurisdictional defects, the
voluntariness of Appellant=s pleas, error that is not independent of the judgments of guilt, and
error occurring after entry of the guilty pleas.  Monreal v. State, 99 S.W.3d 615, 620
(Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim.
App. 2000); Flowers v. State, 935 S.W.2d 131, 132-33 (Tex. Crim. App.
1996), disapproved on other grounds by Cooper v. State, 45
S.W.3d 77 (Tex. Crim. App. 2001); Jack v. State, 871 S.W.2d 741, 743-44
(Tex. Crim. App. 1994).








Our independent review of the records shows that there is
no error that might arguably support an appeal or require reversal.  The
indictments allege that the offenses occurred before the presentment of the
indictments.  See Tex. Code Crim. Proc. Ann. art.
12.01(6) (Vernon 2005), art. 21.02(6) (Vernon 1989).  There are no jurisdictional errors; the
indictments conferred jurisdiction on the trial court and provided Appellant
with sufficient notice to prepare a defense. 
See Tex. Const. art.
V, ' 12; Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon Supp. 2005); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim.
App. 1997).

The records reflect that
Appellant knowingly and voluntarily entered his pleas.  After being admonished by the trial court
regarding the consequences of his pleas, Appellant pleaded guilty and admitted
his guilt in open court.   Nothing in the
record would support a claim that Appellant=s pleas were involuntary.








With regard to the severity
of punishment, a trial court is vested with a great degree of discretion in
imposing an appropriate sentence.  Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  It is the general rule that as long as a
sentence is within the proper range of punishment and has a factual basis in
the record, it will not be disturbed on appeal. 
Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); see
also Jackson, 680 S.W.2d at 814 (holding that a trial court abuses
its discretion when it imposes a sentence upon a defendant without having any
factual basis for that sentence). 

Aggravated robbery is a first‑degree
felony with a penalty range of confinement from five to ninety‑nine years
and up to a $10,000 fine.  See Tex. Penal Code Ann. '' 12.32, 29.03(b) (Vernon 2003). 
The trial court assessed Appellant=s punishment for the two counts at twelve and twenty-two years= confinement, respectively, and no fine, well within the authorized
penalty range.  There is nothing to
suggest that the trial court abused its discretion by assessing Appellant=s punishment.








With regard to the potential
ineffective-assistance point, we note that Appellant, in his written guilty
pleas, swore that A[m]y
attorney provided me with fully effective and competent representation and I am
totally satisfied with representation given me by my attorney.@  But we also note that the
record has not been developed in connection with Appellant=s ineffective-assistance complaint. 
A record sufficient to show ineffective assistance of counsel can rarely
be developed on direct appeal.  The Texas
Court of Criminal Appeals has pointed out that an application for a writ of
habeas corpus is the more appropriate vehicle to raise ineffective assistance
of counsel claims.  Rylander v. State,
101 S.W.3d 107, 110 (Tex. Crim. App. 2003); see also Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard of review
for ineffective assistance claims). 

Our independent review of the areas available to Appellant for an
appeal leads us to conclude that there are no grounds upon which Appellant
could  arguably be successful on
appeal.  Therefore, we overrule Appellant=s
point, grant appellate counsel=s motion to withdraw, and
affirm the trial court=s
judgments.

 

PER CURIAM

 

PANEL F:    GARDNER, J; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 26, 2006











[1]See Tex. R. App. P. 47.4.