PERKINS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-197-CR

        2-04-198-CR

STANLEY BERNARD PERKINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Stanley Bernard Perkins, entered open pleas of guilty to two counts of aggravated robbery
.  The trial court assessed his punishment at twelve years’ and twenty-two years’ confinement, respectively, for the two counts.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, these appeals are frivolous.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel identifies one potential point of error, ineffective assistance of counsel.  Appellant filed a pro se brief and also complains of ineffective assistance of counsel.  We address that point later in this opinion.

Appellate counsel’s brief and motion meet the requirements of 
Anders
 by presenting a professional evaluation of the record 
in explaining why there are no arguable grounds for appeal.  
Once court-appointed counsel has complied with 
the 
Anders
 requirements, we must conduct an independent examination of the record to see if there is any arguable ground that may be raised on the appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  
Because Appellant entered open pleas of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant’s pleas, error that is not independent of the judgments of guilt, and error occurring after entry of the guilty pleas.  
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), 
disapproved on other grounds
 
by
 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).

Our independent review of the records shows that there is no error that might arguably support an appeal or require reversal.  
The indictments allege that the offenses occurred before the presentment of the indictments. 
 
See
 
Tex. Code Crim. Proc. Ann.
 art. 12.01(6) (Vernon 2005), art. 21.02(6) (Vernon 1989). 
 
There are no jurisdictional errors; the indictments conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.
  See 
Tex. Const.
 art. V, § 12; 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The records reflect that Appellant knowingly and voluntarily entered his pleas.  After being admonished by the trial court regarding the consequences of his pleas, Appellant pleaded guilty and admitted his guilt in open court.   Nothing in the record would support a claim that Appellant’s pleas were involuntary.

With regard to the severity of punishment, 
a trial court is vested with a great degree of discretion in imposing an appropriate sentence.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  It is the general rule that as long as a sentence is within the proper range of punishment and has a factual basis in the record, it will not be disturbed on appeal.  
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); 
see also
 
Jackson
, 680 S.W.2d at 814 (holding that a trial court abuses its discretion when it imposes a sentence upon a defendant without having any factual basis for that sentence)
.
 

Aggravated robbery is a first-degree felony with a penalty range of confinement from five to ninety-nine years and up to a $10,000 fine.  
See
 
Tex. Penal Code Ann.
 §§ 12.32, 29.03(b) (Vernon 2003).
  The trial court assessed Appellant’s punishment for the two counts at twelve and twenty-two years’ confinement, respectively, and no fine, well within the authorized penalty range.  There is nothing to suggest that the trial court abused its discretion by assessing Appellant’s punishment.

With regard to the potential ineffective-assistance point, we note that Appellant, in his written guilty pleas, swore that “[m]y attorney provided me with fully effective and competent representation and I am totally satisfied with representation given me by my attorney.”  But we also note that the record has not been developed in connection with Appellant’s ineffective-assistance complaint.  A record sufficient to show ineffective assistance of counsel can rarely be developed on direct appeal.  The Texas Court of Criminal Appeals has pointed out that an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.  
Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); 
see also Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard of review for ineffective assistance claims). 

Our independent review of the areas available to Appellant for an appeal leads us to conclude that there are no grounds upon which Appellant could  arguably be successful on appeal.  Therefore, we overrule Appellant’s point, grant appellate counsel’s motion to withdraw, and affirm the trial court’s judgments.

PER CURIAM

PANEL F: GARDNER, J; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 26, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.