cockrell v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-511-CR

STEPHEN BEN COCKRELL, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Stephen Ben Cockrell, Jr., entered an open plea of guilty to unlawful possession of a firearm by a felon and pleaded true to a habitual offender enhancement.  The trial court assessed his punishment at twelve years’ confinement.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We have provided Appellant the opportunity to file a pro se brief, but he has not done so.

Appellate counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record in explaining why there are no arguable grounds for appeal.  Once court-appointed counsel has complied with the 
Anders 
requirements, we must conduct an independent examination of the record to see if there is any arguable ground that may be raised on Appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State
, 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), 
disapproved on other grounds by Cooper v. State
, 45 S.W.3d 77 (Tex. Crim. App. 2001); 
Jack v. State
, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  

Our independent review of the record shows that there is no error that might arguably support an appeal or require reversal.  The indictment alleges that the offense occurred before the presentment of the indictment.  
See 
Tex. Code Crim. Proc. Ann.
 art. 12.01(6) (Vernon Supp. 2005), art. 21.02(6) (Vernon 1989).  There are no jurisdictional errors; the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice to prepare a defense.  
See 
Tex. Const.
 art. V, § 12; 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

The record reflects that Appellant knowingly and voluntarily entered his pleas.  After being admonished by the trial court regarding the consequences of his pleas, Appellant pleaded guilty and admitted his guilt in open court.  Nothing in the record would support a claim that Appellant’s pleas were involuntary.

With regard to the severity of punishment, a trial court is vested with a great degree of discretion in imposing an appropriate sentence.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  It is the general rule that as long as a sentence is within the proper range of punishment and has a factual basis in the record, it will not be disturbed on appeal.  
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); 
see also Jackson
, 680 S.W.2d at 814 (holding that a trial court abuses its discretion when it imposes a sentence upon a defendant without having any factual basis for that sentence).

Unlawful possession of a firearm by a felon is a third degree felony with a punishment range of two to twenty years’ confinement for a defendant with one prior felony conviction, plus a fine of up to $10,000.  
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003)
,
 §§ 12.42, 46.04 (Vernon Supp. 2005)
.  The trial court assessed Appellant’s punishment at twelve years’ confinement and no fine, well within the authorized punishment range.  There is nothing to suggest that the trial court abused its discretion by assessing Appellant’s punishment.

Our independent review of the areas available to Appellant for an appeal leads us to conclude that there are no grounds upon which Appellant could arguably be successful on appeal.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 2, 2006

FOOTNOTES
1:
Tex. R. App. P.
 47.4.