COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-511-CR

 

 

STEPHEN BEN COCKRELL, JR.                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Stephen Ben Cockrell, Jr., entered an
open plea of guilty to unlawful possession of a firearm by a felon and pleaded
true to a habitual offender enhancement. 
The trial court assessed his punishment at twelve years=
confinement.  Appellant=s
court-appointed appellate counsel has filed a motion to withdraw and a brief in
support of that motion.  In the brief,
counsel avers that, in his professional opinion, this appeal is frivolous.  See Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967).  We have
provided Appellant the opportunity to file a pro se brief, but he has not done
so.

Appellate counsel=s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record in explaining why there are no arguable
grounds for appeal.  Once court-appointed
counsel has complied with the Anders requirements, we must conduct an
independent examination of the record to see if there is any arguable ground
that may be raised on Appellant=s
behalf.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
Because Appellant entered an open plea of guilty, our independent review
for potential error is limited to potential jurisdictional defects, the
voluntariness of Appellant=s plea,
error that is not independent of the judgment of guilt, and error occurring
after entry of the guilty plea.  Monreal
v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v. State,
8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Flowers v. State, 935
S.W.2d 131, 132-33 (Tex. Crim. App. 1996), disapproved on other grounds by
Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001); Jack v. State,
871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994). 









Our independent review of the record shows that
there is no error that might arguably support an appeal or require
reversal.  The indictment alleges that
the offense occurred before the presentment of the indictment.  See Tex.
Code Crim. Proc. Ann. art. 12.01(6) (Vernon Supp. 2005), art. 21.02(6)
(Vernon 1989).  There are no
jurisdictional errors; the indictment conferred jurisdiction on the trial court
and provided Appellant with sufficient notice to prepare a defense.  See Tex.
Const. art. V, ' 12; Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon 2005); Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

The record reflects that Appellant knowingly and
voluntarily entered his pleas.  After
being admonished by the trial court regarding the consequences of his pleas,
Appellant pleaded guilty and admitted his guilt in open court.  Nothing in the record would support a claim
that Appellant=s pleas were involuntary.

With regard to the severity of punishment, a
trial court is vested with a great degree of discretion in imposing an
appropriate sentence.  Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  It is the general rule that as long as a
sentence is within the proper range of punishment and has a factual basis in
the record, it will not be disturbed on appeal. 
Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); see
also Jackson, 680 S.W.2d at 814 (holding that a trial court abuses its
discretion when it imposes a sentence upon a defendant without having any
factual basis for that sentence).








Unlawful possession of a firearm by a felon is a
third degree felony with a punishment range of two to twenty years=
confinement for a defendant with one prior felony conviction, plus a fine of up
to $10,000.  Tex. Penal Code Ann. ' 12.33
(Vernon 2003), '' 12.42,
46.04 (Vernon Supp. 2005).  The trial
court assessed Appellant=s punishment at twelve years=
confinement and no fine, well within the authorized punishment range.  There is nothing to suggest that the trial
court abused its discretion by assessing Appellant=s
punishment.

Our independent review of the areas available to
Appellant for an appeal leads us to conclude that there are no grounds upon
which Appellant could arguably be successful on appeal.  Therefore, we grant appellate counsel=s motion
to withdraw and affirm the trial court=s
judgment.

PER CURIAM

PANEL F:    GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  February 2, 2006











[1]Tex. R. App. P. 47.4.